IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAD BOUMAN,

                Plaintiff,                            ORDER

        v.                                          07-C-367-C

S. ROBINSON, Unit Manager;
SPROUL, Unit Manager;
M. JACOBS, Correctional Officer;
R. MARTINEZ, Warden;
M. NALLEY, Regional Director, Federal Bureau of Prisons,
Kansas City, Kansas;
H. WATTS, Administrator, National
Inmate Appeals, Federal Bureau of Prisons,
Washington, D.C.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Chad Bouman, a federal prisoner, is proceeding on claims that defendants retaliated against him on two occasions because he gave a speech about correctional officers' membership in the Free Masons, first by placing him in the special housing unit and then by firing him from his prison job several months later. Defendants moved for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e and that his speech was not protected by the First

1

Amendment because it did not touch on a matter of public concern.  I denied defendants' motion in an opinion and order dated June 27, 2008, dkt. #43, because they had failed to meet their burden to show that plaintiff had not complied with § 1997e(a) and because I concluded that plaintiff's speech did raise a matter of public concern.

However, in reviewing the parties' summary judgment materials, it appeared that plaintiff lacked the necessary evidence on two crucial factual questions.  With respect to the first alleged act of retaliation, it was not clear whether defendant Martinez (the only defendant named on this claim) had been involved in placing plaintiff in the special housing unit.  With respect to the loss of his prison job, it was not clear whether plaintiff had sufficient evidence to show that defendants had disciplined him because of his speech about Free Masons.  Accordingly, I directed plaintiff to submit evidence on these issues because "there is no point in proceeding to trial on claims that cannot survive a motion for judgment as a matter of law."  June 27 order, dkt. #43, at 10-11.  In addition, I explained that any evidence plaintiff submitted "must conform to the requirements of Fed. R. Civ. P. 56 and this court's Procedure to be Followed on Motions for Summary Judgment."  Id. at 11.

Plaintiff has responded to the June 27 order but he did not submit any additional admissible evidence to support his claims.  Instead, he makes arguments and allegations in his brief and cites evidence that is already in the record.  Unfortunately for plaintiff, his efforts fall short of the mark.

With respect to his claim about being placed in segregation, plaintiff says that defendants Robinson and Sproul were on a committee that recommended to the disciplinary hearing officer that plaintiff be disciplined for the speech with loss of commissary, loss of good conduct time and placement in disciplinary segregation. Even if this is true, it is irrelevant to plaintiff's claim. In the screening order, I allowed plaintiff to proceed on a claim that defendant "R. Martinez placed petitioner in the special housing unit" immediately after plaintiff gave the speech on Free Masons. August 10, 2007 Order, dkt. #6, at 15. Discipline that plaintiff received later from other prison officials is not part of the scope of that claim.

With respect to defendant Martinez's involvement, plaintiff says that defendant Martinez lied in his responses to interrogatories when he said that he was not involved in placing plaintiff in the special housing unit. However, plaintiff does not point to any admissible evidence in the record contradicting Martinez's responses. Without any admissible evidence supporting this claim, it must be dismissed.

Plaintiff has a similar problem with respect to his claim that defendants retaliated against him for the speech several months later by firing him from his job after he was found with unauthorized food in his cell. Again, he has not submitted any new admissible evidence to support this claim, but only reemphasizes the evidence I told him was insufficient in the June 27 order. In addition, plaintiff says that the "Court is asking for a state of mind that

3

is almost impossible to prove or show when he is unable to read the defendants' minds." Dkt. #46, at 3. Although I agree with plaintiff that proving a retaliatory motive is no easy task, that does not mean I may relieve plaintiff of his obligation to prove it. Juries are not entitled to speculate about the reasons for a prison official's decision. Plaintiff does not deny that he had more food in his cell than was authorized under prison rules. (Defendant Jacobs found in plaintiff's cell "numerous packages of bread," "numerous tomatoes and peppers" and "two packages of chicken." Dkt. #41, at ¶11.) Although he says his punishment was unusually harsh, he points to no admissible evidence to support this and he does not deny that it was within the guidelines set by the Bureau of Prisons. Because plaintiff has not adduced direct or circumstantial evidence suggesting that his speech was the real reason for the discipline, this claim must be dismissed as well.

Just before plaintiff filed his response to the June 27 order, defendants filed a motion for reconsideration of the conclusion that they had failed to prove that plaintiff did not exhaust his administrative remedies. Plaintiff has not yet had the opportunity to respond to that motion. Because I am granting summary judgment to defendants on the ground that plaintiff has failed adduce sufficient evidence in support of his claims, I need not consider defendants' motion.

ORDER

4

IT IS ORDERED that summary judgment is GRANTED to defendants S. Robinson, Sproul, M. Jacobs, R. Martinez, M. Nalley and H. Watts on the court's own motion. Defendants' motion for reconsideration, dkt. #44, is DENIED as unnecessary. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 17th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5